

```
Priority    XX
Send        XX
Enter       XX
Closed      X
JS-5/JS-6   X
JS-2/JS-3
Scan Only
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT W. WALTER,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES E. BRADLEY, JR.,<br>et al.,<br><br>    Defendants. | Case No. SA CV 03-401-GLT (MLGx)<br>OCSC Case No 03CC00103<br><br>[~~TENTATIVE~~] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND REMANDING CASE TO STATE COURT<br><br>Calendar Item #8 |

Plaintiff's motion for remand is GRANTED.

## I. BACKGROUND

Plaintiff Walter is a shareholder of Consumer Portfolio Services Inc. ("CPS"). In April 2003, Plaintiff filed a state court derivative action against CPS officers and directors, including Defendant Bradley, alleging breach of fiduciary duty, insider trading, and other misconduct.

On April 7 and 8, 2003, Plaintiff attempted personal service on Defendant Bradley at CPS headquarters. On April 9, 2003, Plaintiff made substituted service on the receptionist and mailed a copy of the Complaint to Defendant Bradley at CPS headquarters. On April 29, 2003, Defendants removed the case to federal court.

Plaintiff brings a motion to remand the case to state court.

## II. DISCUSSION

A motion for remand may be brought if it appears the case was improperly removed or the Court lacks jurisdiction. 28 U.S.C. §1447(c). Defendants, who invoked removal jurisdiction, have the burden of establishing the grounds for federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption against removal jurisdiction, and doubts as to the right of removal are resolved in favor of remanding the case to the state court. Id.

Plaintiff contends removal of the case violated the rule against removal by a local defendant because Defendant Bradley, a California citizen, was properly joined and served before removal. See 28 U.S.C. §1441(b). Plaintiff also contends removal violated the rule of unanimity because Defendant Bradley did not join in the removal. See 28 U.S.C. §1446(a); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).

California Code of Civil Procedure section 415.20(b) permits substituted service if personal service could not be accomplished in spite of "reasonable diligence." Defendants contend Plaintiff's two attempts to personally serve Defendant Bradley at CPS headquarters do not constitute reasonable diligence. Defendants contend Plaintiff should have attempted personal service at Defendant Bradley's home, and should have allowed more time between service attempts. Defendant Bradley was not properly served, Defendants argue, so removal did not violate the local defendant or unanimity rules.

"No single formula" exists for determining whether the reasonable diligence requirement has been met. Evartt v. Superior Court, 89

Cal.App.3d 795, 801 (1979). Here, Plaintiff twice attempted to personally serve Defendant Bradley, the President, CEO, and Chairman of the CPS Board, at CPS headquarters before resorting to substituted service. Defendants do not dispute CPS headquarters is Defendant Bradley's regular place of work. Two or three attempts at personal service at a proper place ordinarily satisfy the requirement of reasonable diligence and allow substituted service to be made. <u>Bonita Packing Co. v. O'Sullivan</u>, 165 F.R.D. 610, 613 (C.D. Cal. 1995)(citing <u>Bein v. Brechtel-Jochim Group, Inc.</u>, 6 Cal.App.4th 1387, 1390 (1992)).

Defendant Bradley was properly served before removal. The case was improperly removed because Defendant Bradley is a local defendant.

### III.   <u>DISPOSITION</u>

Plaintiff's motion for remand is GRANTED. The case is REMANDED to the Orange County Superior Court.

DATED: July 14, 2003

_____
GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE

# NOTICE PARTY SERVICE LIST

Case No. __SACV 03-401-GLT__   Case Title __Walter v Bradley__

Title of Document __Order Granting Plffs mtn remand__

| | |
|---|---|
| | Atty Sttlmnt Officer |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | Calderon, Arthur - Warden, San Quentin |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | CA St Pub Defender (Calif. State PD) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Adm |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Fiscal Section |
| | Intake Supervisor |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PIA Clerk - Riverside (PIAED) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Santa Ana (PSASA) |
| | PSA - Riverside (PSAED) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |
| | Stratton, Maria - Federal Public Defender |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles |
| | US Marshal Service - Santa Ana |
| | US Marshal Service - Riverside |
| | US Probation Office |
| | US Trustee's Office |

| X | ADD NEW NOTICE PARTY (* print name and address below): |
|---|---|
| | O.C. Superior Court |
| | |

* Print name & address of the notice party if this is the first time this notice party is being served through Optical Scanning. Print ONLY the name of the notice party if documents have previously been served on this notice party through Optical Scanning.

| JUDGE / MAGISTRATE JUDGE (list below): |
|---|
| |
| |
| |
| |
| |
| |

Initials of Deputy Clerk __DB__

G-75  (03/03)                            NOTICE PARTY SERVICE LIST